[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, Docket No. CR6-278058;
Donald Dakers, Esq., Defense Counsel, for Petitioner CT Page 4080
Robert O'Brien, Esq., Assistant State's Attorney, for the State.
SENTENCE MODIFIED
By The Division:
The petitioner was convicted, after a trial by jury, of the crime of murder, in violation of Conn. Gen. Stat. Sec.53a-54a. He was sentenced to a term of fifty-five (55) years, execution suspended after forty-five (45) years, with probation for three (3) years.
The petitioner does not dispute that he killed the victim, but claims it was manslaughter, not murder, which occurred when the victim made homosexual advances toward him after they both had freebased cocaine, and that this crime was out of character for him.
The victim, who was twenty-two years old, arrived in the United States from Greece only a few days before he was killed. He came to the New Haven area where he met the petitioner in a local park, thereafter accompanying the petitioner to the petitioner's mother's home, where, according to the petitioner, the victim could have a rent for $150.00.
While what took place when the pair reached the house may be unclear or disputed, at one point the petitioner struck the victim with a wrench. There was evidence that the victim was alive after being struck, that the petitioner carried him to the basement where he stabbed him numerous time, leaving his body wrapped in a blanket. The petitioner took the victims possessions including money, passport and a gold chain, and made his way to Florida. He was on a bus, ostensibly returning to Connecticut to turn himself in, when he was arrested as a fugitive in North Carolina.
The jury found the petitioner guilty of murder and the State, at sentencing, asked the Court to impose the maximum sentence as the murder was intentional, deliberate, conscious and unnecessary. Defense counsel argued that the murder occurred in a drug-induced state and asked the Court to consider that factor.
The sentencing Court pointed out that this was a two stage murder and a vicious killing, that drug abuse cannot excuse the unlawful taking of a life, that the petitioner represented a danger to society at that point in his life, and the court further noted past convictions for attempted CT Page 4081 robbery and robbery (which resulted in prison sentences).
The Division finds that the sentence of forty-five (45) years to serve is appropriate under all the circumstances. The Court, however, imposed an unlawful sentence when it imposed a partially suspended sentence. The Court may not sentence a person to a period of probation upon conviction of a Class A felony. Conn. Gen. Stat. Sec. 53a-29; State v. Lopez, 197 Conn. 337 (1985).
According, this matter is remanded to the trial court to modify its sentence to a commitment to the Commissioner of Corrections for a period forty-five (45) years.
Klaczak, Norko and Barry, J's participated in this decision.